**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

UNITED STATES OF AMERICA　　　　　　　　CRIMINAL ACTION NO. 10-00143

VERSUS　　　　　　　　　　　　　　　　　　JUDGE S. MAURICE HICKS, JR.

GEORGE L. GRACE, SR.　　　　　　　　　　MAGISTRATE JUDGE RIEDLINGER

**MEMORANDUM ORDER**

　　　　Before the Court is the United States' Motion in Limine to Bar Mention or Evidence Regarding the Government's Allocation of Resources to this Matter (Record Document 35). On the grounds of Federal Rules of Evidence 402 (relevancy) and 403 (prejudice), the United States moves to preclude Defendant George L. Grace, Sr. ("Grace") and his counsel from making statements or introducing evidence concerning the Government's allocation of resources to this prosecution and investigation. See id.

　　　　The United States recognizes in the motion that the defense may properly make statements and introduce evidence concerning expenditures by the government to or on behalf of William Myles, a paid confidential source, because he will be a witness and subject to cross-examination on the issue of bias. See id. However, the United States argues that the defense should not be permitted to make statements or introduce evidence that such expenditures were "too much" or that they should have been devoted to other matters. See id. Likewise, the United States maintains that the defense should not be permitted to make statements or introduce evidence concerning the amount of monetary resources or time that the Government expended in this matter with the exception of the previously-mentioned expenditures made to or on behalf of William Myles. See id.

　　　　The defense filed a response, focusing on the $661,000 the Government has paid to William Myles for his work on various matters over many years, including this case. See

Record Document 86. The defense further contends that the amount of resources used by the Government "goes to the very defense of entrapment." Id. at 1. Finally, the defense argues that, pursuant to Federal Rule of Evidence 608(a), the amount paid to an informant goes directly to the issue of credibility. Id. at 2.

Based on the showing made in the motion, the response, and the reply, the Court grants the United States' motion as follows: Grace and his counsel are prohibited from making statements or introducing evidence concerning the following:

(1) The amount of monetary resources and time expended or allocated by the Government in this matter with the exception of the expenditures made to or on behalf of William Myles.

(2) Whether the monetary resources or time used or allocated by the Government in this matter could have been or should have been used in other matters.

(3) Whether the Government should have used or allocated the monetary resources or time it did in this matter.

As noted by the United States in its reply, the Court specifically holds that nothing in this order prevents the introduction of statements and evidence reflecting government expenditures made to or on the behalf of Grace, such as bribe payments. Such statements and evidence are clearly admissible and relevant.

Additionally, the Court finds that Grace has failed to demonstrate how the amount of resources used by the Government goes to the defense of entrapment. He has not shown in any way how the amount of government resources used to investigate him bears on his predisposition to commit the charged offenses and/or governmental involvement and inducement – the two prongs of the *prima facie* showing necessary to present a defense of entrapment to the jury. See United States v. Theagene, 565 F.3d 911, 918 (5th Cir.

2009).

Accordingly,

**IT IS ORDERED** that the United States' Motion in Limine to Bar Mention or Evidence Regarding the Government's Allocation of Resources to this Matter (Record Document 35) is **GRANTED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 14th day of December, 2011.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE