**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00143 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GEORGE L. GRACE, SR. | MAGISTRATE JUDGE RIEDLINGER |

**MEMORANDUM ORDER**

Before the Court is the United States' Motion in Limine to Bar Mention or Evidence Related to Former FBI Agent's Criminal Convictions (Record Document 39). In the motion, the United States seeks to preclude the defense from making statements or introducing evidence at trial related to former FBI agent Darin McAllister's ("McAllister") criminal convictions unrelated to this matter. See id. The motion is inclusive of not only the convictions themselves, but also the facts underlying the convictions and the investigation resulting in the convictions. See id.

The United States argues that evidence and statements concerning McAllister's criminal convictions should be barred, as such information is only relevant and admissible in the event he is properly called as a witness, testifies, and provides testimony that raises a good faith basis for impeachment under the Federal Rules of Evidence. See id. at 3. Additionally, the United States stated that it does not intend to call McAllister as a witness, but will introduce certain recordings involving him and Defendant George L. Grace, Sr. ("Grace") through other witnesses.[1]

---

[1]The Court finds that this scenario does not implicate the Confrontation Clause because McAllister's statements on the recordings are not being offered for the truth of the matter asserted. Rather, they are being offered to provide context to Grace's statements. See United States v. Pryor, 483 F.3d 309, 312 (5th Cir. 2007) ("The Confrontation Clause prohibits the admission of an out-of-court testimonial statement unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. . . . Testimonial statements may be admitted, however, so long as they are not being used to

In response, the defense stated that they intend to call McAllister as an adverse witness in this case. See Record Document 87 at 1.[2] Relying upon Federal Rules of Evidence 607 and 609, the defense indicates that they intend to impeach McAllister's credibility by evidence of the convictions. See id. at 1-2.

The instant motion practice revolves around former Special Agent McAllister. McAllister acted as an undercover FBI agent in the investigation of Grace. Specifically, McAllister posed as a venture capitalist involved in the Cifer 5000 project. During the course of the undercover investigation, both McAllister and William Myles, a paid confidential informant, had recorded conversations with Grace.

In December 2010, McAllister was convicted of wire fraud and bankruptcy fraud, relating to his personal finances, in the Middle District of Tennessee. See United States v. Darin Lee McAllister, No. 3:10-00138 (M.D. Tenn.). The charges were unrelated to his work with the FBI and the instant matter. McAllister is no longer employed with the FBI.

After a review of the record, the Court finds that the United States' motion should be granted. While the defense has stated that they will call McAllister as an adverse witness, defense counsel must lay the proper foundation for impeachment evidence at trial. Thus,

---

prove the truth of the matter asserted."). Likewise, McAllister's statements on the recordings are not hearsay because they are not being offered "to prove their truth, but rather to prove only that they were uttered" in order to provide context. United States v. Gutierrez-Chavez, 842 F.2d 77, 81 (5th Cir. 1988).

[2]On November 22, 2011, Grace filed a Petition for Writ of Habeas Corpus Ad Testificandum (Record Document 31) seeking an order directing the issuance of a writ securing the presence of McAllister, who is now in federal custody, at the January 2012 trial of the above-captioned matter. The undersigned will address the Petition for Writ of Habeas Corpus Ad Testificandum at the pretrial conference set for December 16, 2012. At that time, defense counsel shall be prepared to outline the information possessed by McAllister that makes him necessary as a witness at the trial of this matter.

at this stage, Grace and his counsel are prohibited from introducing any evidence or making any statements related to McAllister's convictions, the facts underlying such convictions, and the investigation resulting in such convictions. In the event that McAllister does appear as a witness at trial and the defense believes the information relating to his convictions should be admissible as a result of such testimony, defense counsel may raise the issue with the Court at that time and outside of the presence of the jury.

Accordingly,

**IT IS ORDERED** that United States' Motion in Limine to Bar Mention or Evidence Related to Former FBI Agent's Criminal Convictions (Record Document 39) is hereby **GRANTED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 14th day of December, 2011.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE