**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00143 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GEORGE L. GRACE, SR. | MAGISTRATE JUDGE RIEDLINGER |

**MEMORANDUM ORDER**

Before the Court are two Motions to Dismiss Mail and Wire Fraud Counts 9-11 (Record Documents 55 and 56) filed by Defendant George L. Grace, Sr. ("Grace"). The first motion seeks dismissal of Counts 9-11 "because the indictment fails to factually support each element of federal bribery or kickback crimes." Record Document 55-1 at 2. The second motion seeks dismissal of Counts 9-11 on the ground that "there is no allegation that the City of St. Gabriel suffered any pecuniary harm, nor that the alleged scheme contemplated pecuniary harm." Record Document 56-1 at 1. The defense specifically relies upon Skilling v. United States, 130 S.Ct. 2896 (2010), asserting that the Skilling Court "made clear that to constitute a federal mail fraud, there must be an actual or intended economic loss to the victim." Id. at 1-2.

The United States responded, arguing that the mail and wire fraud counts "factually allege" a bribery scheme in Paragraph 60 of the Superseding Indictment and in the incorporated paragraphs regarding the Cifer 5000 Scheme. Record Document 67 at 2. Additionally, the United States contends that "honest services" fraud does not require contemplated loss. See id.

Federal Rule of Criminal Procedure Rule 7(c)(1) provides that "the indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." The Fifth Circuit has held that "an indictment is sufficient if it contains

the elements of the charged offense, fairly informs the defendant of the charges against him, and ensures that there is no risk of future prosecutions for the same offense." United States v. Harms, 442 F.3d 367, 372 (5th 2006). "In reviewing a challenge to an indictment alleging that it fails to state an offense, the court is required to take the allegations of the indictment as true and to determine whether an offense has been stated." United States v. Crow, 164 F.3d 229, 234 (5th Cir. 1999). The issue before the court is "not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." Id. Further, the court's determination of the "validity of an indictment is governed by practical, not technical considerations." Id. at 235.

Title 18, United States Code, Sections 1341 and 1343 prohibit the use of the mails and interstate wires, respectively, in furtherance of a "scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises." Section 1346 defines "scheme or artifice to defraud" to include "a scheme or artifice to deprive another of the intangible right of honest services." In Skilling, the United States Supreme Court held that such "honest services" fraud encompasses only bribery and kickback schemes. See Skilling, 130 S.Ct. at 2926. Moreover, the Skilling Court set forth the history of the honest services doctrine, explaining that "while the offender profited, the betrayed party suffered no deprivation of money or property." Id.

Counts 9-11 of the Superseding Indictment (Record Document 24) charge Grace with mail and wire fraud in connection with the Cifer 5000 scheme. Paragraph 62 of the Superseding Indictment specifically alleges that Grace "devised . . . a scheme to defraud the citizens of the City [of St. Gabriel] of their right to [his] honest services in the affairs of the City, and to defraud and obtain money and property from potential investors in the Cifer

and the U.S. Environmental Protection Agency (EPA) by means of false and fraudulent material pretenses, representations, and promises." Id. at ¶ 62. The Superseding Indictment goes on to allege that "Grace's scheme was to obtain money and other things of value from the Cifer Businessmen in exchange for using his position as Mayor to promote and to obtain money for the Cifer." Id. at ¶ 63. Additionally, in paragraph 61, all of the facts alleged regarding the Cifer 5000 Scheme contained in the General Allegations section of the Superseding Indictment are incorporated in the mail and wire fraud counts. See id. at ¶¶ 1, 2, 17-32, 61.

Despite the defense's argument to the contrary, this Court finds that the mail and wire fraud counts properly allege a bribery scheme. In fact, a classic *quid pro quo* bribery scheme is specifically alleged in Paragraph 63. The indictment easily meets constitutional standards and contains ample factual allegations of bribery to support an "honest services" fraud scheme and to give Grace fair notice as to the nature of the charges against him.

Additionally, the defense's interpretation of Skilling is misplaced. Contrary to the defense's position, the Skilling Court actually noted that pecuniary harm was not an element of "honest services" fraud under Section 1346. In explaining the history of the honest services doctrine, the Court specifically stated:

> The Fifth Circuit's opinion in Shushan stimulated the development of an "honest-services" doctrine. Unlike fraud in which the victim's loss of money or property supplied the defendant's gain, with one the mirror image of the other, the honest-services theory targeted corruption that lacked similar symmetry. While the offender profited, the betrayed party suffered no deprivation of money or property; instead, a third party, who had not been deceived, provided the enrichment. For example, if a city mayor (the offender) accepted a bribe from a third party in exchange for awarding that party a city contract, yet the contract terms were the same as any that could have been negotiated at arm's length, the city (the betrayed party) would suffer no tangible loss. Even if the scheme occasioned a money or property

gain for the betrayed party, courts reasoned, actionable harm lay in the denial of that party's right to the offender's "honest services."

Skilling, 130 S.Ct. at 2926 (internal citations and quotations omitted). Therefore, based on the aforementioned reasoning, pecuniary harm is not required under Section 1346 "honest services" fraud and Counts 9-11 are sufficient.

Accordingly,

**IT IS ORDERED** that Defendant George L. Grace, Sr.'s Motions to Dismiss Mail and Wire Fraud Counts 9-11 (Record Documents 55 and 56) are hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 29th day of December, 2011.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE