**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00143 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GEORGE L. GRACE, SR. | MAGISTRATE JUDGE RIEDLINGER |

**MEMORANDUM ORDER**

Before the Court is a Motion to Sever Counts Because Their Joinder is Prejudicial (Record Document 42) filed by Defendant George L. Grace, Sr. ("Grace").[1] The defense moves the Court "to order the government to sever the allegations concerning the Hurricane Katrina event and the allegations concerning the city vendor event." Id. at 1. Relying upon Federal Rule of Criminal Procedure 14(a), the defense further contends that "Mr. Grace will be prejudiced by a joint trial of all counts because the jury will be impermissibly invited to infer criminality on his part based upon the visceral reaction to certain Counts." Record Document 42-1 at 1. Additionally, the defense argues that "Mr. Grace will be prejudiced by a joint trial of all counts because the jury will hear evidence that would not be admissible at separate, scheme-based trials." Id. The defense maintains that the jury will be unable to "compartmentalize" the evidence. Id.

The United States opposed the motion to sever, arguing that the motion should be denied because Grace has failed to establish that he will suffer compelling prejudice in a

---

[1] Grace's motion does not request severance of the counts in the Superseding Indictment, but rather severance of the "allegations" regarding the Hurricane Katrina and City Vendor Schemes from the "allegations" regarding the Real Estate and Cifer 5000 Schemes. It appears that Grace is asking the Court dissect the RICO count to eliminate allegations regarding the Hurricane Katrina and City Vendor Schemes. Yet, there is no legal basis for such a remedy under Rule 14, as such rule provides for severance of "counts" of an indictment if the joinder of "offenses" prejudices the defendant. The rule does not permit the trial court to sever "allegations" contained within a single count. Therefore, the Court will construe the instant motion as a request to sever the Hurricane Katrina and City Vendor counts from the other counts.

single trial of all counts. See Record Document 65 at 1. More specifically, the United States contends that denial of the severance is appropriate on the single ground that the RICO count involves all four schemes, thus the evidence related to the Hurricane Katrina and City Vendor Schemes would be admissible at a separate trial. See id. at 7.

Federal Rule of Criminal Procedure 8(a) provides that "the indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." F.R.Cr.P. 8(a). "[R]ule 8 is to be broadly construed in favor of initial joinder." United States v. Fortenberry, 914 F.2d 671, 675 (5th Cir. 1990).

Federal Rule of Criminal Procedure 14(a) provides that "if the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant . . ., the court **may** order separate trials of counts." F.R.C.P. 14(a) (emphasis added). "Clear prejudice **may** result when the jury is unable to separate the evidence and apply it to the proper offenses, or where the jury might use the evidence of one of the crimes to infer criminal disposition to commit the other crimes charged." Fortenberry, 914 F.2d at 675 (emphasis added). In determining prejudice, "the trial judge must balance the prejudice to the defendant against the interests of judicial economy." United States v. Ballis, 28 F.3d 1399, 1408 (5th Cir. 1994). "The burden of demonstrating prejudice is a difficult one" and "[t]he defendant must show something more than the fact that a separate trial might offer him a better chance of acquittal." Id. Additionally, in the context of severance, the law is clear that any possible prejudice to the defendant in multiple count cases may be cured with proper instructions. See United States v. Bullock, 71 F.3d 171, 175 (5th Cir. 1995) , citing Zafiro v. United

States, 506 U.S. 534, 540–541, 113 S.Ct. 933, 939 (1993). The Court further notes that "juries are presumed to follow [such jury] instructions." Id.

Grace has asserted two reasons for severance: (1) the jury will be impermissibly invited to infer criminality; and (2) the jury will hear evidence that would not be admissible at separate, scheme-based trials. After considering the defense motion and the Government's response, the Court finds that neither reason justifies severance. The Court first notes that the RICO Count of the Superseding Indictment involves all four schemes;[2] thus, the evidence related to the Hurricane Katrina Scheme and the City Vendor Scheme would likely be admissible at a separate trial. Notwithstanding, it is not enough for Grace to assert that some of the Government's evidence would be inadmissible in separate trials. Instead, he must demonstrate that, in a joint trial, the jury would be "unable to separate the evidence and apply it to the proper offenses." Fortenberry, 914 F.2d at 675. Grace has argued that the jury will be unable to "compartmentalize" the evidence; however, he has given no support for this position. Conversely, the Court believes that the jury should be able to distinguish the evidence related to the different schemes, namely because the evidence relating to the the Hurricane Katrina and City Vendor Schemes involves actual businessmen victims while the evidence relating to the Real Estate and Cifer 5000 Schemes involves the undercover FBI operation. This key distinction should aid the jury in separating the evidence and applying it to the proper offense.

Moreover, based on the showing made in his motion, Grace has failed to establish "compelling prejudice." United States v. McIntosh, 655 F.2d 80, 84 (5th Cir. 1981)

---

[2]The charges in the thirteen-count Superseding Indictment are based on four separate extortion and bribery schemes: the Hurricane Katrina Scheme, the City Vendor Scheme; the Real Estate Scheme; and the Cifer 5000 Scheme. See Record Document 24.

("Severance is within the discretion of the trial court and is required only in cases of compelling prejudice."). It is insufficient for Grace to simply argue that "the jury might regard one [offense] as corroborative of the other." United States v. Forrest, 623 F.2d 1107, 1115 (5th Cir. 1980) ("[W]e think that the possibility of this kind of prejudice exists whenever a defendant is charged with more than one count in an indictment. We do not find it a sufficient reason to order a new trial in this case."). The Court further finds that any potential for prejudice in this case can be cured by the undersigned instructing the jury pursuant to Fifth Circuit Pattern Jury Instructions (Criminal Cases) No. 1.21 (2001), which provides:

> A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

Again, "juries are presumed to follow [such] instructions." Bullock, 71 F.3d at 175, citing Zafiro, 506 U.S. at 540–541, 113 S.Ct. at 939.

Accordingly,

**IT IS ORDERED** that the Motion to Sever Counts Because Their Joinder is Prejudicial (Record Document 42) filed by Defendant George L. Grace, Sr. is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 4th day of January 2012.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE