# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00143 |
|---|---|
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GEORGE L. GRACE, SR. | MAGISTRATE JUDGE RIEDLINGER |

## MEMORANDUM ORDER

Before the Court are two Motions to Dismiss RICO Acts filed by Defendant George L. Grace, Sr. ("Grace"). See Record Documents 45 and 49. The first motion attacks Racketeering Acts 6-11 on the following grounds:

> RICO [A]cts 6-11 should be dismissed for failing to allege Defendant knew the money was given with the intent to influence his conduct as Mayor of St. Gabriel. LA R.S. 14:118 is a specific intent crime. It is a required element of the crime that the defendant accept a thing of value from an individual knowing the thing of value was given with the intent to influence his conduct in relation to his position. See Louisiana Civil Law Treatise, Criminal Jury Instructions, 10:118A(2). At no point has the government alleged in the indictment a finding by the grand jury that Defendant, as Mayor of St. Gabriel, accepted money knowing the money was given for the purpose of influencing his conduct as Mayor of St. Gabriel.

Record Document 45-1 at 1-2. The second motion seeks dismissal of Racketeering Acts 1-4 on the ground that "the Indictment merely states 'under color of official right'" and fails "to factually support the allegation Defendant acted under the color of official right." Record Document 49-1 at 2.

The United States responded, arguing that Racketeering Acts 1-4 adequately charge acts of extortion by tracking Section 1951's statutory language and by incorporating factual allegations regarding the Hurricane Katrine Scheme and the City Vendor Scheme. See Record Document 67 at 2. Additionally, the United States contends that Racketeering Acts 6-11 specifically charge that Grace acted "with intent to influence his conduct in relation to his position." Id.

Federal Rule of Criminal Procedure Rule 7(c)(1) provides that "the indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." The Fifth Circuit has held that "an indictment is sufficient if it contains the elements of the charged offense, fairly informs the defendant of the charges against him, and ensures that there is no risk of future prosecutions for the same offense." United States v. Harms, 442 F.3d 367, 372 (5th 2006). "In reviewing a challenge to an indictment alleging that it fails to state an offense, the court is required to take the allegations of the indictment as true and to determine whether an offense has been stated." United States v. Crow, 164 F.3d 229, 234 (5th Cir. 1999). The issue before the court is "not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." Id. Further, the court's determination of the "validity of an indictment is governed by practical, not technical considerations." Id. at 235.

Racketeering Acts 1-4

Count 1 of the Superseding Indictment charges Grace with violating the Racketeering Influenced And Corrupt Organizations Act ("RICO") statute by conducting the affairs of the City of St. Gabriel through a pattern of racketeering activity. The alleged pattern of racketeering activity includes racketeering acts committed in the course of all four schemes – the Hurricane Katrine Scheme; the City Vendor Scheme; the Real Estate Scheme; and the Cifer 5000 Scheme. Count 1 incorporates all of the detailed factual allegations regarding the four schemes contained in the General Allegations section of the Superseding Indictment. See Record Document 24 at ¶33.

Racketeering Acts 1-4 allege acts of extortion in violation of 18 U.S.C. § 1951[1] committed in the Hurricane Katrina and City Vendor Schemes. See id. at ¶¶ 40-43. They also specify the date(s) of the offense, the identity of the victim, and the property involved. See id. As to each Racketeering Act, the Government alleges that Grace acted "under color of official right" in obtaining or seeking to obtain property from another. See id.

The Court finds that the challenged Racketeering Acts 1-4 adequately charge Grace with acts of extortion under Section 1951 (the Hobbs Act). All of the substantial factual allegations regarding the Hurricane Katrine Scheme and the City Vendor Scheme are incorporated into Count 1. See id. at ¶ 33. Racketeering Acts 1-4 also track the statutory language of Section 1951, alleging that "Grace did knowingly attempt to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion." See id. at ¶¶ 40-43; see also Esperti v. United States, 406 F.2d 148, 150 (5th

---

[1] Title 18, United States Code, Section 1951, also known as the Hobbs Act, provides, in pertinent part:

(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

(b) As used in this section –

. . .

(2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or **under color of official right**.

18 U.S.C. § 1951 (emphasis added).

Cir. 1969) ("The first question presented is the sufficiency of the indictment. The indictment satisfies the requirements of Rule 7(c) of the Federal Rules of Criminal Procedure. It is drafted substantially in the words of 18 U.S.C. Section 1951."). Moreover, the challenged acts specifically identify the date(s) of the alleged extortion, the victim, and the property involved.

RICO Acts 6-11

Racketeering Acts 6-11 allege acts of bribery under La. R.S. 14:118 committed in the Real Estate and Cifer 5000 Schemes. See Record Document 24 at ¶¶ 45-50. As to each of these Racketeering Acts, it is alleged that "Grace, a public official, did accept and agree to accept" payments "with the intent to influence his conduct in relation to his position, employment, and duty." Id. It is also alleged that Grace accepted the payments "in exchange for" particular official acts. See id.

Grace attacks Racketeering Acts 6-11 because they fail "to allege [that he] knew the money was given with the intent to influence his conduct as Mayor of St. Gabriel." Record Document 45-1 at 1. Grace appears to argue that Section 118 requires a public officer defendant to be aware of the payor's intent. However, a review of Section 118 reveals that is not the law.[2]

Section 118 provides, in pertinent part:

A. (1) Public bribery is the giving or offering to give, directly or indirectly,

---

[2]In United States v. Dozier, 672 F.2d 531 (5th Cir. 1982), the Fifth Circuit reasoned:

> The case before us . . . involves an extortion charge. The emphasis is on the defendant's own motives rather than on his perception of a potential contributor's motive.

Id. at 542.

anything of apparent present or prospective value to any of the following persons, with the intent to influence his conduct in relation to his position, employment, or duty:

(a) Public officer, public employee, or person in a position of public authority.

. . .

(2) The acceptance of, or the offer to accept, directly or indirectly, anything of apparent present or prospective value, under such circumstances, by any of the above named persons, shall also constitute public bribery.

Racketeering Acts 6-11 specifically charge that Grace, a public official, accepted and agreed to accept payments from individuals "with the intent to influence his conduct in relation to his position, employment or duty." Record Document 24 at ¶¶ 45-50. Additionally, Racketeering Acts 6-11 allege that Grace "accepted and agreed to accept" the payments "in exchange for" specific official acts. Id. The Superseding Indictment thereby further alleges that Grace intended to be influenced in his official acts by the payments. Therefore, the Court finds that Racketeering Acts 6-11 sufficiently allege the required specific intent under Section 118.

Accordingly,

**IT IS ORDERED** that Defendant George L. Grace, Sr.'s Motion to Dismiss RICO Acts 6-11 (Record Document 45) and Motion to Dismiss RICO Acts 1-4 (Record Document 49) are hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 4th day of January 2012.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE