**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00143 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GEORGE L. GRACE, SR. | MAGISTRATE JUDGE RIEDLINGER |

**MEMORANDUM ORDER**

Before the Court is a Motion to Dismiss Count 8 of the Indictment Because There is No Nexus Between the Alleged Bribery and Federal Funds (Record Document 53) filed by Defendant George L. Grace, Sr. ("Grace"). Grace notes that courts have rejected insufficient nexus arguments in cases where there are substantial connections between the alleged conduct and federal funds. See Record Document 53-1 at 1. Yet, he contends that "Section 666, though interpreted expansively, has limits" and it was not intended to extend to cases where there is no, or merely a tenuous, federal nexus. See id. at 1-2. The United States opposed the motion, stating that Title 18, United States Code, Section 666 does not require a nexus between the alleged bribery and federal funds. See Record Document 67 at 9.

Count 8 of the Superseding Indictment alleges, in relation to the Real Estate Scheme:

> From in or about May 2008, until in or about July 2008, . . . , **GEORGE L. GRACE, SR.**, . . ., did knowingly and corruptly solicit, accept, and agree to accepts cash and other things of value from W.M., intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of the City, that is, a series of transactions involving property in the City, the value of which exceeded $5,000.

Record Document 24 at ¶ 60. It is further alleged that the above-referenced activity was in violation of 18 U.S.C. § 666(a)(1)(B). See id. Section 666 provides, in pertinent part:

(a) Whoever, if the circumstance described in subsection (b) of this section exists –

    (1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof –

    . . .

        (B) corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more.

. . .

(b) The circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

18 U.S.C. § 666.

In <u>United States v. Lipscomb</u>, 299 F.3d 303 (5th Cir. 2002), the Fifth Circuit discussed the complexity of its Section 666 jurisprudence:

> In reviewing <u>Marmolejo</u>, under the caption <u>Salinas v. United States</u>, the Supreme Court asked whether § 666 is "limited to cases in which the bribe has a demonstrated effect upon federal funds." The Court stated that "[t]he statute's plain language fails to provide any basis" for such a limitation and that the legislative history forecloses it. The Court thus agreed with our <u>Marmolejo</u> holding that ***federal funds need not be directly involved in a violation of § 666***.
>
> . . .
>
> Since <u>Salinas</u>, the Supreme Court has decided only one more § 666 case: <u>Fischer v. United States</u>, which also sent mixed messages. Echoing <u>Salinas</u>, the <u>Fischer</u> Court described § 666 as "expansive, both as to the conduct forbidden and the entities covered" and read the statute to reveal Congress's "expansive, unambiguous intent to ensure the integrity of

organizations participating in federal assistance programs"-clearly embracing the "corruption focus."  The Court therefore affirmed the conviction of a defendant who had defrauded a municipal hospital authority that participated in the federal Medicare program. In so doing, however, the Court once again mentioned in passing a conceivable constitutional problem: To read the statutory term "benefits" too broadly, the Court cautioned, so as to mean "[a]ny receipt of federal funds," could "turn almost every act of fraud or bribery into a federal offense, upsetting the proper federal balance."

Although Salinas and Fischer did not unconditionally validate our view that once a local government accepts more than $10,000 per year from the federal government, no further federal interest is needed to justify prosecution under § 666, ***neither did either of those cases condemn our broad approach.***  The Salinas Court merely observed in passing that, even if a federal interest were required, such an interest clearly existed in preventing federal prisoners from bribing local jail officials participating in a federal incarceration program. Similarly, the Fischer Court construed a term in § 666 broadly, simply musing that federalism principles might somehow limit the statute's sweep.  As either a statutory or constitutional matter, then, the Court might be seen as harboring inchoate qualms about whether, for § 666 to apply, there might be some need for a direct interest in the funds involved in the prohibited conduct (or, alternatively, a need for either a nexus between the federal dollars and the offense conduct or an extra-textual jurisdictional element to § 666).  Lipscomb argues this inference forcefully, noting that Salinas left open the question whether § 666 "requires some other kind of connection between a bribe and the expenditure of federal funds."  He urges us to . . . answer this question in the affirmative.

This, of course, we could not do even if we were so inclined.  Mere ruminations in Supreme Court opinions do not empower a subsequent panel of our court to disregard, much less overrule, the holding of a prior panel.  And, as we noted just last year, "[w]e are not convinced that Salinas wrought a change upon our earlier precedents."  Because Salinas and Fischer went no further than to advert in *dicta* to the mere possibility that the argument now advanced by Lipscomb might someday be favored, we are bound to adhere to Westmoreland's statutory holding.[1]

Id. at 311-314 (emphasis added).  Thus, based on the foregoing Fifth Circuit jurisprudence, which is binding upon this Court, Section 666 is to be read expansively.  More specifically,

---

[1]The Fifth Circuit first interpreted Section 666 in United States v. Westmoreland, 841 F.2d 572 (5th Cir. 1988).  Finding the relevant statutory language to be plain and unambiguous, the Westmoreland court held that no connection was required between the federal funds allocated to the county and the supervisor's illegal conduct.  Id. at 575-576.

federal funds need not be directly involved in a violation of § 666. Accordingly, the Motion to Dismiss Count 8 (Record Document 53) must be **DENIED**, as no nexus between the alleged bribery and federal funds is required.

**IT IS ORDERED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 4th day of January 2012.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE