# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00143 |
|---|---|
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GEORGE L. GRACE, SR. | MAGISTRATE JUDGE RIEDLINGER |

## MEMORANDUM ORDER

Before the Court is a Motion to Dismiss Counts 12 and 13 (Record Document 54) filed by Defendant George L. Grace, Sr. ("Grace"). The defense seeks dismissal of Counts 12 and 13, which charge Grace with the use an interstate facility in aid of racketeering, on the ground that the Superseding Indictment fails to allege the essential facts to support the underlying crime of bribery. See id. The United States opposed the motion. See Record Document 67.

Counts 12 and 13 allege that Grace used a telephone with the intent to, and thereafter performed an act to, promote bribery in violation of La. R.S. 14:118. See Record Document 24 at ¶¶ 66 and 68. Grace now claims that the phone counts are insufficient because they fail to allege that he knew that the payments were made "with intent to influence his conduct as Mayor of St. Gabriel" as required by the state bribery statute. Record Document 54-1 at 1.

Federal Rule of Criminal Procedure Rule 7(c)(1) provides that "the indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." The Fifth Circuit has held that "an indictment is sufficient if it contains the elements of the charged offense, fairly informs the defendant of the charges against him, and ensures that there is no risk of future prosecutions for the same offense." United States v. Harms, 442 F.3d 367, 372 (5th 2006). "In reviewing a challenge to an indictment

alleging that it fails to state an offense, the court is required to take the allegations of the indictment as true and to determine whether an offense has been stated." United States v. Crow, 164 F.3d 229, 234 (5th Cir. 1999). The issue before the court is "not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." Id. Further, the court's determination of the "validity of an indictment is governed by practical, not technical considerations." Id. at 235.

The elements of "Use of An Interstate Facility in Aid of Racketeering" are as follows: (1) the defendant used a facility in interstate commerce; (2) the defendant acted with the specific intent to promote, manage, establish or carry on "unlawful activity"; and (3) the defendant performed or attempted to perform an act in furtherance of that intent subsequent to use of the facility. See 18 U.S.C. § 1952. "Unlawful activity" includes bribery in violation of state law. See 18 U.S.C. § 1952(b)(2).

As previously noted in its ruling on the defense's motion to dismiss Racketeering Acts 6-11, the Louisiana state bribery statute, La. R.S. 14:118, does not require that a public official defendant be aware of the payor's intent. Rather, the public official must act with the specific intent to influence the conduct of the public servant in relation to his position, employment or duty. See La. R.S. 14:118(A); United States v. Dozier, 672 F.2d 531 (5th Cir. 1982). Moreover, because the phone counts incorporate by reference the detailed factual allegations regarding the Cifer 5000 Scheme, the Superseding Indictment adequately alleges an intent to be influenced in an official action. See Record Document 24 at ¶¶ 24, 32.[1]

---

[1] The Fifth Circuit has also held that if a statute "fully and unambiguously sets out the essential elements of the offense," then "indictments drafted substantially in its language

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss Counts 12 and 13 (Record Document 54) filed by Defendant George L. Grace, Sr. is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 4th day of January 2012.

                                            S. MAURICE HICKS, JR.
                                         UNITED STATES DISTRICT JUDGE

---

are sufficient." United States v. Stanley, 765 F.2d 1224, 1239-1240 (5th Cir. 1985). Here, Section 1952 fully and unambiguously sets out the essential elements of the offense.